FEDERICO CASTRO MERCADO, Plaintiff and Appellant, *v.* H. I. HETTINGER & CO. ET AL., Defendants and Appellees.

No. 11775. Argued March 21, 1957.—Decided April 5, 1957.

---

*Ramón H. Vargas* and *Germán Rieckehoff* for appellant. *Emilio de Aldrey* for appellees.

MR. JUSTICE SALDAÑA delivered the opinion of the Court.

This is a claim for damages sustained by a truck owned by plaintiff in an accident which occurred on July 12, 1953, on the road leading from Trujillo Alto to Río Piedras when another truck owned by the codefendant H. I. Hettinger & Co. collided with plaintiff's vehicle. After the trial, the lower court dismissed the complaint holding that according to the evidence introduced the defendant was not guilty of fault or negligence, and that contrariwise the accident was due to the negligence of Carmelo Yordani, driver of plaintiff's vehicle.

836

The following errors are assigned on appeal: (1) the refusal "to admit statements of the adverse party which constitute admissions" and (2) the refusal "to admit an offer of evidence under Rule 43 (c) of the Rules of Civil Procedure of admissions made by the adverse party." In our opinion the first error is without merit and, although the second was committed, the judgment appealed from will not be reversed.

The lower court did not err in excluding the testimony of the Justice of the Peace, Reinaldo Díaz Cruz, as to the statements made to him several hours after the accident by the driver of the truck owned by the codefendant H. I. Hettinger & Co., in the sense that the accident was due to the truck's defective brakes. Obviously, that evidence was inadmissible because it was hearsay and, furthermore, (1) it does not fall within the exception concerning vicarious admissions made "within the scope of the partnership or agency, and during its existence"; [1] (2) neither is the evidence admissible by exception as part of the *res gestae*: under the attendant circumstances the driver's statements were neither

---

[1] The evidence disclosed that Francisco Sánchez, driver of the truck owned by codefendant H. I. Hettinger & Co. had no express or implied authority to make statements in the name of his employer within the scope of his employment. To that respect, see pars. 2 and 5 of § 35 of the Law of Evidence, 32 L.P.R.A. § 1678. *Cf. Rubio* v. *Garage Mayagüez, Inc.*, 23 P.R.R. 565 (1916), and *Torres* v. *Domínguez*, 35 P.R.R. 245 (1926). As Morgan points out, 2 *Basic Problems of Evidence* 235–37 (1954), for the statements of an agent to be admissible in evidence to prove the truth of facts asserted in them as though made by the principal, it does not suffice that the agent do *acts* within the scope of his employment but it is necessary *that he be authorized to make the statements in question as part of the transaction.* To that effect, see McCormick, *Handbook of the Law of Evidence* 517–20 (1954). *Cf.* Muñoz Amato, *La Regla de la Prueba de Referencia y sus Excepciones*, XIII *Revista Jurídica de la Universidad de Puerto Rico* 13, 31–32 (1943), and Morgan, *The Rationale of Vicarious Admissions*, 42 Harv. L. Rev. 461 (1929). This requirement at times is not demanded if the testimony of an agent or employee involved in an accident is offered in evidence to prove his relationship to the alleged principal or master, or once the mandate, agency or employment has been established, for showing the scope of said mandate, agency or employment. Notes in 150 A.L.R. 618, 623 (1944), and 3 A.L.R. 2d 593, 598 (1949). To that effect, see *Graniela* v. *Yolande, Inc.*, 65 P.R.R. 100 (1945).

spontaneous nor contemporaneous with the events as perceived by him according to the juridical test used in determining the factors of contemporaneousness and spontaneity on which is based this exception to the rule of hearsay evidence;[2] and (3) it would be impossible to hold that it is admissible because it refers to declarations against interest.[3]

 The lower court unquestionably erred in refusing to make a complete record of the excluded evidence pursuant to the provisions of Rule 43(c) of the Rules of Civil Procedure. 32 L.P.R.A. App., R. 43(c); *Vicenty* v. *Corona Brewing Corporation*, 73 P.R.R. 131 (1952; 5 Moore, *Federal Practice* 1351 *et seq.* (2d ed. 1951). However, it appears of record that counsel for plaintiff-appellant stated: "Your Honor, it is our intention to prove with this witness an admission made by the defendant. The witness shall testify that the driver, an agent of the defendant, admitted that the accident was due to the defective brakes of his vehicle." That offer

[2] The evidence established that after the accident both drivers examined the vehicles, spoke for a while and afterwards went to the Trujillo Alto Police Headquarters. Later, they returned to the scene of the accident accompanied by a police officer to examine the place and the vehicles. It was after doing all this that both drivers testified before the Justice of Peace, Reinaldo Díaz Cruz. Undoubtedly, several hours had already elapsed since the accident, and the alleged statements by the driver of defendant's vehicle before the justice of the peace were not made under nervous shock brought about by an exciting event. To that effect see: *Graniela* v. *Yolande, Inc.*, *supra*; *Acosta* v. *Crespo*, 70 P.R.R. 223 (1949); 2 Morgan, *Basic Problems of Evidence* 296–99 (1954); Muñoz Amato, *Res Gestae*, XIV *Revista Jurídica de la Universidad de Puerto Rico* 91 (1944).

[3] As we stated in *Acosta* v. *Crespo*, *supra*, at pp. 223, 236–38 (1949), hearsay evidence will only be admissible as a declaration against interest if the declarant has died. Obviously, in the case at bar that requirement was not met: the driver of the truck owned by H. I. Hettinger & Co. testified at the trial in the Superior Court as defendant's witness. Therefore, the exception as to declarations against interest is not applicable here. See Jefferson, *Declarations Against Interest: An Exception to the Hearsay Rule*, 58 Harv. L. Rev. 1 (1944); 2 Morgan, *Basic Problems of Evidence* 251–58 (1954); McCormick, *Handbook of the Law of Evidence* 546–54 (1954). In the Model Code of Evidence (Rule 509) and in the Uniform Rule of Evidence (Rule 63 (10)), the elimination of this requirement is proposed. See *Model Code of Evidence* 255 *et seq.* (American Law Institute, 1942); *Uniform Rules of Evidence* 202 (1953).

was enough to establish the scope of the evidence excluded and to determine that it was inadmissible, taking into consideration the other evidence introduced at the trial. Therefore, it is unnecessary to remand the case for a new trial although the second error assigned by appellant was committed.

The judgment will be affirmed.